**DISSENT; and Opinion Filed December 21, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00084-CV

### THE STATE OF TEXAS BY AND THROUGH THE CITY OF DALLAS, Appellant

### V.

### DALLAS PETS ALIVE, Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-00229-B**

## DISSENTING OPINION

Before Justices Lang, Fillmore, and Schenck
Dissenting Opinion by Justice Lang

I respectfully dissent because I disagree with the majority's conclusion on which its opinion

is based, i.e., that the county court at law had jurisdiction over DPA's appeal to which the

injunctive relief in question pertains. Specifically, the majority states in part (1) in determining the

appeal in a related case, *State ex rel City of Dallas v. Dallas Pets Alive*, No. 05-18-00282-CV (Tex.

App.—Dallas Dec. 21, 2018, no pet. h.), it "concluded that the county court at law had subject-

matter jurisdiction to hear DPA's appeal of the municipal court's order pursuant to section 822.003

of the health and safety code," and (2) "[a]ccordingly, the trial court here properly issued the

January 12, 2018 TRO in order to preserve the county court at law's subject-matter jurisdiction."

In a dissenting opinion in the related case described above, I stated I would conclude the

county court at law had no jurisdiction over DPA's appeal of the municipal court's order pursuant

to section 822.003 of the health and safety code. *See id*. (Lang, J., dissenting). Based on the same reasoning described in that dissenting opinion, I would conclude the injunctive relief in question in this case was improper. *See id*.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

180084DF.P05